# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TRAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERIHOME MORTGAGE COMPANY LLC,<br><br>　　　　Defendant. | Case No. 1:23-cv-01267-KES-SAB<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>ORDER CONTINUING AUGUST 8, 2024 SCHEDULING CONFERENCE<br><br>**SEVEN-DAY DEADLINE** |

On August 23, 2024, this action was removed from Fresno County Superior Court, Case No. 23CEG03934 on the basis of federal question jurisdiction, 28 U.S.C. § 1441(a). (ECF No. 1.) On August 30, 2023, Defendant filed a motion to dismiss. (ECF No. 3.) On November 22, 2023, this Court issued findings and recommendations recommending that Defendant's motion be granted in part and denied in part with leave to amend. (ECF No. 11.) Relevant here, the Court found Plaintiff failed to sufficiently allege a violation of a federal law and cautioned Plaintiff both at the hearing held on October 18, 2023 and in the findings and recommendations that it would recommend that the action be remanded to state court should Plaintiff fail to allege such a violation in an amended complaint. (Id. at 23 n.7.) On July 8, 2024, the findings and recommendations were adopted by the district judge and Plaintiff was ordered to file an amended complaint within twenty-one days. (ECF No. 15.)

1  On July 29, 2024, Plaintiff filed an amended complaint. (First Am. Compl. ("FAC")
2 ECF No. 16.) Plaintiff alleges four claims against Defendant: (1) violation of California Civil
3 Code § 2924.9; (2) wrongful foreclosure; (3) violations of California's Unfair Competition Law
4 with a sole predicate violation of California Civil Code § 2924.9; and violation of California
5 Civil Code § 3412. (See FAC generally.)[1]

6  Upon review of the FAC, it appears the Court lacks subject matter jurisdiction. See also
7 Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are
8 "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"); see 28
9 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks
10 subject matter jurisdiction, the case shall be remanded."); Garcia v. Am.'s Servicing Co., No.
11 1:10-CV-789 AWI-GSA, 2010 WL 3367037, at *1 (E.D. Cal. Aug. 24, 2010) (noting "the court
12 can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction,
13 whether or not a party has a filed a motion") (quotations and citation omitted).

14  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil
15 actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises
16 under' federal law either where federal law creates the cause of action or where the vindication
17 of a right under state law necessarily turns on some construction of federal law." Republican
18 Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted)
19 (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)
20 (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by
21 the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a
22 federal question is presented on the face of the plaintiff's properly pleaded complaint."
23 Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

24  Although Plaintiff references a violation of Title 15 U.S.C. § 1641(g) in his "general and
25 factual allegations" in the FAC, it does not appear that section 1641(g) creates Plaintiff's four

---

[1] The FAC also appears to allege that the basis for jurisdiction is diversity jurisdiction under 28 § U.S.C. § 1332, despite alleging both Plaintiff and Defendant are citizens of California. (FAC ¶¶ 7-8.) However, Plaintiff is reminded that a limited liability company takes the citizenship of each of its owners or members, not the place of its principal place of business. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)

1 claims nor that Plaintiff's claims turn on construction of section 1641(g). Because the case does not appear to "aris[e] under the Constitution, laws, or treaties of the United States," the Court does not appear to have subject matter jurisdiction. 28 U.S.C. § 1331. The Court shall therefore require the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction.

Further, the Court shall continue the scheduling conference currently set for August 8, 2024, due to the recent filing of the FAC and to allow the parties to respond to this order to show cause.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties show cause, in writing, **within seven (7) days** of entry of this order, why the Court should not recommend this action be remanded to Fresno County Superior Court for lack of subject matter jurisdiction. Failure to timely show cause in writing will result in sanctions, up to and including recommendation of immediate remand for lack of subject matter jurisdiction; and

2. The scheduling conference currently set for August 8, 2024 is CONTINUED to **October 3, 2024 at 10:00 a.m. in Courtroom 9**.

IT IS SO ORDERED.

Dated:  **July 30, 2024**

UNITED STATES MAGISTRATE JUDGE