# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TRAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERIHOME MORTGAGE COMPANY LLC,<br><br>  Defendant. | Case No. 1:23-cv-01267-KES-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF Nos. 18, 19, 20) |

On August 23, 2024, this action was removed from Fresno County Superior Court, Case No. 23CEG03934 on the basis of federal question jurisdiction, 28 U.S.C. § 1441(a). (ECF No. 1.) On August 30, 2023, Defendant filed a motion to dismiss. (ECF No. 3.) On November 22, 2023, the Court issued findings and recommendations recommending that Defendant's motion be granted in part and denied in part with leave to amend. (ECF No. 11.) Relevant here, the Court found Plaintiff failed to state a claim under federal law and cautioned Plaintiff both at the hearing held on October 18, 2023 and in the findings and recommendations that it would recommend that the action be remanded to state court should Plaintiff fail to allege such a claim in an amended complaint. (Id. at 23 n.7.) On July 8, 2024, the findings and recommendations were adopted by the district judge and Plaintiff was ordered to file an amended complaint within twenty-one days. (ECF No. 15.)

1

1        On July 29, 2024, Plaintiff filed his amended complaint.  (First Am. Compl. ("FAC")
2 ECF No. 16.)  Plaintiff alleges four claims against Defendant: (1) violation of California Civil
3 Code § 2924.9; (2) wrongful foreclosure; (3) violations of California's Unfair Competition Law
4 with a sole predicate violation of California Civil Code § 2924.9; and (4) violation of California
5 Civil Code § 3412.  (See FAC generally.)  After reviewing the FAC, the Court issued an order on
6 July 30, 2024 requiring the parties to show cause why the case should not be remanded for lack
7 of subject matter jurisdiction.  (ECF No. 18.)

8        On August 5, 2024, Defendant filed its response confirming the Court no longer has
9 federal question jurisdiction over this action.  (ECF No. 19 at 4-5.)  On August 6, 2024, Plaintiff
10 filed his response confirming he does not allege a cause of action in the FAC that arises under
11 federal law.  (ECF No. 20 at 4.)  Because both parties timely addressed the Court's concern
12 regarding the lack of federal question jurisdiction, the Court shall discharge the order to show
13 cause.

14        However, the parties now disagree in their respective responses whether the Court has
15 subject matter jurisdiction of this action under diversity jurisdiction.  As an initial matter, both
16 parties miss the mark on their summaries of the notice of removal filed on August 23, 2023.
17 Defendant made no allegation in its notice that diversity jurisdiction also served as a basis of
18 removal.  (Compare ECF No. 1 generally with ECF No. 19 (Defendant asserting this matter was
19 removed "based *in part* on federal question jurisdiction"); ECF No. 20 (Plaintiff asserting that
20 "[t]he basis of the removal was federal question *and diversity*, 28 U.S.C. §§ 1331, 1332").)  This
21 action was removed solely on the basis of federal question jurisdiction.

22        Additionally, Plaintiff's response avers Defendant improperly removed this action.  (ECF
23 No. 20 at 6.)  The Court disagrees.  As Plaintiff acknowledges, the case was initially removed on
24 the basis of federal question jurisdiction.  In his original complaint, Plaintiff alleged a UCL claim
25 predicated in part on a violation of 15 U.S.C. § 1641(g).  In granting Defendant's motion to
26 dismiss, the Court found Plaintiff failed to state a claim under section 1641(g) but provided
27 Plaintiff leave to amend.  (ECF No. 11 at 23; ECF No. 15.)  In amending his complaint, Plaintiff
28 contends he determined that the necessary facts are missing to allege a viable cause of action

under 15 U.S.C. § 1641(g) and therefore does not allege such violation in the FAC. (ECF No. 20 at 4.) The issue before the Court is whether the Court has subject matter jurisdiction under diversity jurisdiction over the amended claims contained within the FAC.

District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Court will briefly address both requirements in turn to discuss the limited information before the Court.

First, diversity jurisdiction requires complete diversity of citizenship. The presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). The FAC alleges that Plaintiff is a California citizen and Defendant is a limited liability company with its principal place of business in California. (FAC ¶ 2.) However, the Court noted in its order to show cause that a limited liability company takes the citizenship of each of its owners or members, not the place of its principal place of business. (ECF No. 18 at 2 n.1 (citing Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).) In its response, Defendant provides it is a Delaware limited liability company that is 100% owned by Western Alliance Mortgage Holding Company, LLC, which itself is a Delaware limited liability company. (ECF No. 19 at 2.) Thus, Defendant contends the Defendant and its parent company—the only members of the limited liability company—are both citizens of Delaware for purposes of diversity. (Id.) Plaintiff does not dispute nor even address Defendant's proffer that it is a citizen of Delaware. The Court is satisfied that Defendant's response provides sufficient basis that this action is between a citizen of California and citizens of Delaware.

Second, to establish diversity jurisdiction, the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). The amount in controversy may include compensatory damages, punitive damages, and attorneys'

fees when authorized by statute. Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016). Critically, "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

The FAC states that Plaintiff prays for, inter alia, compensatory, special and general damages in an amount subject to proof at trial; restitution and the disgorgement of profits; injunctive relief; attorneys' fees pursuant to California Civil Code § 2924.12(h), and for recompense of damages and arrears. (FAC at 16.) Further, the Court notes that Plaintiff alleges in the FAC that he is entitled to punitive damages for his cause of action for wrongful foreclosure. (Id. at ¶¶ 41, 43); see Gibson v. Chrysler Corp., 261 F.3d 927, 945 (2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Plaintiff also alleges that he is "suing for damages that are related to violation various [*sic*] California statutes and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00 and/or according to proof." (Id. ¶ 8.)

Defendant argues that it appears from the face of the FAC that at least $75,000.00 is in controversy in this action. (ECF No. 18 at 3.) However, as Plaintiff notes, diversity jurisdiction requires that the amount in controversy *exceed* $75,000.00. See 28 U.S.C. § 1332(a). Plaintiff's argument, however, that he "explicitly stated in his complaint since inception that the amount he was seeking *did not exceed* $75,000.00 and in his First Amended Complaint, ¶ 8 [*sic*]" is not well-taken. (ECF No. 20 at 3). The FAC Plaintiff filed on July 29, 2024 expressly alleges the amount in controversy is "*approximately* $75,000.00." (FAC ¶ 8.) Plaintiff explains in his response that the "only remedy for the HBOR violation is less than $75,000.00 and/or an injunction." (ECF No. 20 at 4.) However, Plaintiff does not address the damage amount at stake for the other three causes of action, punitive damages for wrongful foreclosure, or attorneys' fees pursuant to section 2924.12(h). Plaintiff instead engages in a disjointed analysis of an

4

unspecified injunction pursuant to section 2924.12, which applies to actions where a sale is enjoined until the defendant has corrected an enumerated material violation. (ECF No. 20 at 5; but see FAC ¶ 12 (alleging the subject property was sold on June 21, 2023).) The Court finds that "*approximately* $75,000.00" in damages at stake in conjunction with even a nominal amount of the alleged punitive damages or attorneys' fees would not divest this Court of jurisdiction.

Based upon the Court's review of the parties' limited responses, the Court finds that Defendant has provided a basis that the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The Court emphasizes that this finding is without prejudice to any party filing a proper motion regarding jurisdiction, as all this court is now doing is discharging the order to show cause.

Accordingly, IT IS HEREBY ORDERED that the July 30, 2024 order to show cause (ECF No. 18) is DISCHARGED.

IT IS SO ORDERED.

Dated:   **August 8, 2024**

UNITED STATES MAGISTRATE JUDGE