# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TRAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERIHOME MORTGAGE COMPANY LLC,<br><br>    Defendant. | Case No. 1:23-cv-01267-KES-SAB<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO FILE AN AFFIDAVIT IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO <u>PERSONALLY</u> SERVE A COPY OF THIS ORDER AND A COPY OF THE MOTION TO WITHDRAW AS COUNSEL ON PLAINTIFF AND FILE PROOF OF SERVICE<br><br>ORDER DIRECTING PLAINTIFF TO APPEAR AT THE JUNE 18, 2025 HEARING<br><br>(ECF No. 29)<br><br>**JUNE 6, 2025 DEADLINE** |

Plaintiff Eric Travis filed the operative first amended complaint in this action on July 29, 2024. (ECF No. 16.) A scheduling order issued on October 3, 2024, setting, in pertinent part, the non-expert discovery deadline for February 3, 2025 and the dispositive motion deadline for May 16, 2025. (ECF No. 25.)

On May 16, 2025, Defendant AmeriHome Mortgage Company, LLC filed a motion for summary judgment. (ECF No. 29.) Hours after Defendant filed its motion, Counsel for Plaintiff ("Counsel") filed a motion to withdraw as attorney of record. (ECF No. 30.)

1

1    Counsel's motion to withdraw is procedurally deficient. Local Rule 182(d), provides
2 that:

3
> "Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion **and notice to the client** and all other parties who have appeared. **The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.** Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."

10 L.R. 182(d) (emphasis added). The instant motion is not supported by an affidavit by Counsel.
11 The sparse motion does not otherwise provide Plaintiff's current or last known address, nor does
12 it discuss any efforts made by Counsel to notify Plaintiff of the May 16, 2025 motion. The proof
13 of service does not indicate that Plaintiff was served with the motion. (See ECF No. 30 at 4.)

14    The motion is also substantively deficient. Counsel conclusorily states that the motion is
15 brought "in compliance with Cal. R. Prof. Conduct 3-700." (ECF No. 30 at 2.) Notably, Rule 3-
16 700(A)(2) provides that "[a] member shall not withdraw from employment until the member *has*
17 *taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client*,
18 including giving due notice to the client, allowing time for employment of other counsel,
19 complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof.
20 Conduct 3-700(A)(2) (emphasis added). Counsel provides a letter to Plaintiff informing Plaintiff
21 that Counsel has "decided to terminate [his] representation of [Plaintiff] in connection with
22 [Plaintiff's] civil case and intend in proceeding with a Motion to Withdraw" due in part to "the
23 difficulty [Counsel and Plaintiff] have experienced in communicating with each other." (ECF
24 No. 30 at 6.) However, the letter is dated February 14, 2025. Thus, at the time Counsel informed
25 Plaintiff he was terminated, all expert discovery was open, and the dispositive motion deadline
26 was three months away. Aside from a nondescript contention that "Counsel attempted to contact
27 Plaintiff a few times more" via telephone, the motion is silent as to the steps Counsel has taken
28 in the last three months to avoid reasonably foreseeable prejudice to Plaintiff. Instead, Counsel's

1  motion was filed hours after Defendant filed a motion for summary judgment. <u>Any opposition to</u>
2  <u>Defendant's motion for summary judgment is</u> **due May 30, 2025**. A motion requesting proper
3  relief related to this deadline must be filed *prior* to May 30, 2025.

4  Counsel requests that the Court waive oral argument of the motion to withdraw and enter
5  an order that Counsel is withdrawn. (ECF No. 30 at 3.) The Court denies this request. Counsel
6  shall supplement his motion to bring it into compliance with Local Rule 182(d) and the motion
7  shall be heard on June 18, 2025. <u>The Court also determines that it is necessary to have Plaintiff</u>
8  <u>present for the hearing</u>. The Court shall order that Counsel <u>personally</u> serve Plaintiff with the
9  May 16, 2025 motion to withdraw <u>and</u> this order to appear for the June 18, 2025 hearing.[1]
10 The timing of this motion, the reasonable steps taken by Counsel to avoid reasonably foreseeable
11 prejudice to Plaintiff, Plaintiff's notice of the motion, and Plaintiff's understanding of the
12 consequences of being unrepresented by counsel at this late stage of the proceedings are fruitful
13 topics to be addressed at the June 18, 2025 hearing.

14  Based on the foregoing, IT IS HEREBY ORDERED that:

15  1. Plaintiff's counsel's request to waive oral argument on the motion to withdraw is
16     DENIED;
17  2. Plaintiff Eric Travis is DIRECTED to appear in person or by videoconference on
18     **June 18, 2025, at 10:00 a.m.** in Courtroom 9 before Magistrate Judge Stanley
19     Boone;
20  3. Plaintiff's counsel is DIRECTED to **personally** serve a copy of this order and a
21     copy of the May 16, 2025 motion to withdraw as counsel on Plaintiff Eric Travis
22     and file proof of service **on or before June 6, 2025**; and

23 / / /
24 / / /
25 / / /
26 / / /

---

[1] If Counsel is unable to personally serve Plaintiff, he shall file an affidavit **no later than June 6, 2025** that details with particularity <u>all</u> attempts at personal service and subsequent attempts at alternative service.

4. Plaintiff's counsel shall file a supplemental affidavit in support of the motion to withdraw in compliance with Local Rule 182(d) to address the deficiencies identified herein **on or before June 6, 2025**.

IT IS SO ORDERED.

Dated: **May 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge