# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TRAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERIHOME MORTGAGE COMPANY LLC,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01267-KES-SAB<br><br>ORDER DIRECTING PLAINTIFF'S COUNSEL TO FILE A SECOND SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL<br><br>(ECF No. 29)<br><br>**JUNE 13, 2025 DEADLINE** |

　　　Plaintiff Eric Travis filed the operative first amended complaint in this action on July 29, 2024. (ECF No. 16.)  A scheduling order issued on October 3, 2024, setting, in pertinent part, the dispositive motion deadline for May 16, 2025.  (ECF No. 25.)

　　　On May 16, 2025, Defendant AmeriHome Mortgage Company, LLC filed a motion for summary judgment.  (ECF No. 29.)  Hours after Defendant filed its motion, Counsel for Plaintiff ("Counsel") filed a motion to withdraw as attorney of record.  (ECF No. 30.)

　　　On May 22, 2025, the Court issued an order finding Counsel's motion procedurally and substantively deficient, declined to waive oral argument, and ordered that Counsel file supplemental briefing to correct the identified issues.  (ECF No. 32.)  The Court also directed Plaintiff's counsel to <u>personally</u> serve a copy of its May 22, 2025 order and a copy of the motion to withdraw as counsel on Plaintiff and file proof of service reflecting such service no later than June 6, 2025.  (<u>Id.</u>)  The Court expressed this direction three separate times in its four page order.

1

1 The Court also ordered that "[i]f Counsel is unable to personally serve Plaintiff, [Counsel] shall
2 file an affidavit no later than June 6, 2025 that details with particularity all attempts at personal
3 service and subsequent attempts at alternative service." (Id. at 3 n.1.)

4 On June 6, 2025, Counsel filed a supplemental affidavit in response to the Court's order
5 issued on May 22, 2025. (ECF No. 34.) Counsel's filing proffers that his firm "immediately
6 instructed the Motion to Withdraw and the Order issued to be served on May 23, 2025 via its'
7 attorney service" but "[s]uch efforts to serve these pleadings personally were unsuccessful."
8 (ECF No. 34 at 2.) Counsel fails to provide any details regarding such efforts of personal service
9 in either the supplemental affidavit (ECF No. 34) or proof of service (ECF No. 33).[1]  Instead,
10 Counsel attaches an email dated May 23, 2025 to an attorney service requesting that the motion
11 and order be served on Plaintiff at a Clovis address. (ECF No. 34-1.)  It is unclear if any
12 personal service as ordered by the Court was attempted at the Clovis address or any other address
13 included in Counsel's skip trace, including a January 2025 Fresno address. Thus, Counsel has
14 failed to comply with the Court's May 22, 2025 to "detail[] with particularity all attempts at
15 personal service." (ECF No. 32 at 3 n.1.) The Court shall therefore order that Counsel provide
16 an additional supplemental affidavit that details Counsel's "efforts to serve the[] pleadings
17 personally." (ECF No. 34 at 2.)

18 Additionally, the Court expressed on May 22, 2025 its concerns that Counsel has not
19 taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff. (ECF No. 32.) The
20 Court expressly noted one instance of reasonably foreseeable future prejudice to Plaintiff
21 regarding Defendant's May 16, 2025 motion for summary judgment. Despite the Court's
22 caution on May 22, 2025 that "[a]ny opposition to Defendant's motion for summary judgment is
23 **due May 30, 2025**" and that "[a] motion requesting proper relief related to this deadline must be
24 filed *prior* to May 30, 2025," no such relief—such as a motion for a modified briefing
25 schedule—was filed by Counsel. (ECF No. 32 (emphasis in original).) Failure to file a timely
26 opposition may be construed as a non-opposition to Defendant's motion and Plaintiff is not
27

---

28 [1] Counsel only provides proof of mail service at a Clovis address. (ECF No. 33.)

entitled to be heard in opposition at oral arguments.  L.R. 230(c).  Thus, Counsel's contention in his supplemental affidavit that his withdrawal "will not cause any prejudice" is not well-taken.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's counsel is DIRECTED to file a proof of service and second supplemental affidavit that complies with the Court's May 22, 2025 order:  Counsel shall **personally** serve a copy of the Court's May 22, 2025 order and a copy of the May 16, 2025 motion to withdraw as counsel on Plaintiff Eric Travis and file proof of service **on or before June 13, 2025**, and, if Counsel is unable to personally serve Plaintiff, he shall file an affidavit no later than **June 13, 2025** that details with particularity all attempts at personal service and subsequent attempts at alternative service.

IT IS SO ORDERED.

Dated:   **June 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge